UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUSTIN ALAN CRABTREE,<br><br>    Defendant. | Case No. 4:25-cr-00061-DCN-3<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is a Motion for Severance filed by Defendant Justin Crabtree. Dkt. 130. The Government filed a Response opposing the Motion (Dkt. 138), and Crabtree filed a Reply (Dkt. 139). The matter is now ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES the Motions.

---

[1] Although this is a criminal case, the local civil rule applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

## II. BACKGROUND

A grand jury indicted Defendant Justin Crabtree—along with four co-conspirators—for Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine. Dkt. 2. The investigation began the summer of 2024, when law enforcement received information that co-defendant Carlos Nicholas "Nick" Torres was traveling out of state to purchase large quantities of methamphetamine and that Crabtree assisted him, including collecting money.

On January 30, 2025, officers conducted a controlled purchase involving co-defendant Michelle Wallace. During the operation, Torres contacted Wallace and later arrived at her residence with Crabtree. Subsequent investigation revealed that on February 3–7, 2025, Torres and Crabtree traveled out of state to obtain narcotics. Geolocation data and surveillance confirmed their movements through Nevada, Utah, and into Idaho, where they traveled in coordination with other co-defendants.

Law enforcement later executed search warrants at a residence in Pocatello and a related vehicle, recovering approximately fifty pounds of methamphetamine. Additional evidence was obtained from a separate Homeland Security investigation in Nevada, where messages between Crabtree and another individual reflected discussions about drug transactions and distribution quantities.

This matter is currently set for trial on July 13, 2026, with a pretrial conference scheduled for June 30, 2026. Dkt. 126.

## III. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 8, a prosecutor may elect to charge

MEMORANDUM DECISION AND ORDER - 2

multiple counts and defendants in one trial. The primary justification for joinder is efficiency. 1A C. Wright & A. Miller, Federal Practice and Procedure § 142 (5th ed. 2021). Other vital interests served through joinder include judicial economy, reliability, and consistency. *Id.* Together, these interests have created "a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Specifically, regarding joinder of defendants, Rule 8 provides that "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). It further states that, "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." *Id*. Rule 8(b) balances "the need to avoid the potential prejudice that may result from joining multiple defendants with the need to attain trial efficiency." *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978).

Rule 14 operates in close conjunction with Rule 8 and empowers courts to provide relief from prejudicial joinder, including ordering separate trials of counts, severing the defendants' trial, or providing any other relief that justice requires. Fed. R. Crim. P. 14(a). And "once defendants are properly joined under Rule 8(b), courts routinely apply the presumption that parties who are indicted together should be tried together." Wright & Miller, *supra*, § 224.

Consequently, if defendants were properly joined under Rule 8(b), "a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would

MEMORANDUM DECISION AND ORDER - 3

compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (citation modified). Naturally then, "the burden is on the defendant to make a strong showing of prejudice to obtain the relief permitted by Rule 14." *Id.*; *see also United States v. Hanley*, 190 F.3d 1017, 1029 (9th Cir. 1999), *superseded on other grounds by* U.S.S.G. 2S1.1 ("A criminal defendant who seeks reversal of a trial court's denial of a motion to sever bears a heavy burden.").

## IV. DISCUSSION

### A. Joinder

The Court first addresses whether joinder of the Defendants was appropriate and, ultimately, finds that it was.

Federal Rule of Civil Procedure 8(b) permits the Government to join Defendants in one trial, as long as the counts arise from the same series of acts or transactions constituting an offense or offenses. Moreover, "all defendants need not be charged in each count." Fed. R. Crim. P. 8(b). So, even though all Defendants must have somehow participated in the series of acts from which the charges arose, Rule 8(b) does not require each Defendant to have participated in every act or transaction in the alleged series. Wright & Miller, *supra*, § 145. Rule 8 is thus generally treated as a pleading rule, and courts determine the propriety of joinder based on the allegations in the indictment.

Although Crabtree has only been charged in the conspiracy count, the Government appropriately joined the Defendants together in the Indictment. Joint trials for defendants are the standard. *Zafiro*, 506 U.S. at 537. And this is even more true for conspiracy cases.

*Adams*, 581 F.2d at 597 (a conspiracy count provides the necessary link to satisfy the requirement of Rule 8(b)); Wright & Miller, *supra*, § 145 ("codefendants charged with conspiracy should generally be tried together."). Crabtree was charged with conspiracy to distribute and possession with intent to distribute methamphetamine, and three out of the four remaining counts against the Codefendants directly stem from the alleged conspiracy in count one.[2] So, because of the strong preference for joinder, especially in conspiracy cases like this, the Court readily finds that joinder was proper. Having found the Defendants properly joined, the Court turns its focus to severance.

## B. Severance

While the lodestar of Rule 8 is efficiency, Rule 14's purpose is mitigating any prejudicial effect proper joinder might present.[3] Trials involving more than one defendant naturally create risks for the accused, such as being found guilty by association or the jury failing to distinguish defendant-specific pieces of evidence. Wright & Miller, *supra*, § 224. And "these risks become especially acute in conspiracy cases, where the presence of an overarching agreement makes joinder proper as a matter of course." *Id.* (citation modified). Even so, any prejudicial effect joinder might have cannot overcome the preference for a joint trial unless there is a serious risk of compromising a specific trial right or preventing the jury from making a reliable decision. *Zafiro*, 506 U.S. at 539. A defendant carries the heavy burden of making a strong showing of factually specific and compelling prejudice

---

[2] Count Five of the Indictment charges Carlos Torres and Jessica Mekosch with a separate conspiracy charge that does not include Crabtree.

[3] Still, in reviewing a claim for severance, "[s]erious consideration must be given to judicial economy." *U.S. v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 157 (2019).

resulting from a joint trial. *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981). To meet that burden, "the defendant [must] show 'clear,' 'manifest,' or 'undue' prejudice from a joint trial," *United States v. Polizzi*, 801 F.2d 1543, 1553–54 (9th Cir. 1986), and must demonstrate the jury's inability to distinguish the evidence relevant to each defendant and even if a defendant is able to show some potential jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials. *See, e.g., United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir. 1988).

Crabtree advances several arguments in support of severance. First, he contends the jury may be unable to compartmentalize the evidence presented at trial. He asserts the Indictment alleges only limited facts connecting him to the charged conspiracy and reflects a comparatively minor role in the alleged scheme. As a result, he argues that, absent severance, he will be prejudiced by the "spillover" effect of evidence introduced against his co-defendants. Dkt. 139, at 4. Second, Crabtree argues that continuances requested by his co-defendants have delayed the resolution of his case and thereby infringed upon his speedy-trial interests. Finally, Crabtree again points to the limited factual allegations concerning his involvement in the conspiracy, arguing they demonstrate his comparatively minor role in the charged conduct. The Court addresses each argument in turn.

1. *The Jury's Ability to Compartmentalize/Spill-Over*

"The ultimate question on whether the jury can make a reliable determination of guilt is whether the jury was able to compartmentalize the evidence as it relates to separate defendants." Wright & Miller, *supra*, § 224 (cleaned up). Crabtree suggests for several reasons that, unless he is severed from the joint trial, the disparities will create a substantial

risk of prejudicial spillover that limiting instructions cannot cure. Dkt. 139, at 6. More specifically he argues he should be severed because he is only charged in count one and the quantities of drugs charged against his co-defendants in subsequent counts is massive and should not be attributed to him. Crabtree highlights the fact that severances have been granted when the charges brought against the defendants or the weight of the evidence supporting each charge is wholly disparate or disproportionate to a specific defendant. Dkt. 130-1, at 4 (citing *U.S. v. Vasquez*-Velasco, 15 F.3d 833, 846 (9th Cir. 1994)). The Court has heard arguments such as this in prior cases and consistently held that the risk of prejudice is light.

The Court recognizes the evidence against the various defendants may not be identical and that some evidence may pertain more directly to certain defendants than others. However, the Supreme Court has explained that mutually antagonistic defenses are not prejudicial per se and do not automatically require severance. *Zafiro*, 506 U.S. at 538. Additionally, under the conspiracy laws and jury instructions, a defendant can be liable for the full amount of drugs involved in the conspiracy even if he only handled a small portion of drugs.[4] Under Rule 14, even when some risk of prejudice exists, severance is warranted only if a joint trial poses a *serious* risk of compromising a specific trial right or preventing the jury from making a reliable determination of guilt or innocence. The Supreme Court has emphasized that trial courts have broad discretion to tailor relief, and that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. *Id.*

---

[4] See  the Ninth Circuit's jury instruction 11.6; *U.S. v. Alvarez-Valenzuela*, 231 F.3d 1198, 1202 (9th Cir. 2000); *United States v. Henry*, 984 F.3d 1343, 1355-1356 (9th Cir. 2021).

MEMORANDUM DECISION AND ORDER - 7

at 539); *see also United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) ("Where the district court uses great diligence in instructing the jury to separate the evidence, severance is unnecessary because the prejudicial effects of the evidence of codefendants are neutralized.").

At this stage, the Court is not persuaded that the anticipated evidence is so complex or overwhelming that a properly instructed jury will be unable to evaluate the evidence separately as to each defendant.

### 2. *Speedy Trial*

Crabtree also argues that continuances requested by codefendants have delayed resolution of his case and prejudiced his speedy-trial interests. "It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants . . . . The attribution of delay to a codefendant, however, is limited by a reasonableness requirement." *United States vs. Messer*, 197 F.3d 330, 336 (9th Cir. 1999) (citation modified). *See also United States v. Beal*, 536 F. Supp. 3d 743, 757 (D. Haw. 2021). Multi-defendant cases frequently require coordinated scheduling and case management. Crabtree has not demonstrated that the current trial schedule creates a constitutional or statutory speedy-trial violation, nor has he shown that severance is necessary to protect any specific speedy-trial right.[5] Accordingly, the Court finds that this argument does not establish the level of prejudice required under Rule 14.

---

[5] The Court reviewed the record in this case. Crabtree was arraigned on September 10, 2025. The matter was set for a jury trial on October 14, 2025. Dkts. 84, 85. On September 30, 2025, Crabtree filed a Motion

(continued)

MEMORANDUM DECISION AND ORDER - 8

3. *Limited Role*

Much like his first argument, Crabtree postures he played a limited role in this conspiracy and is only charged in Count 1. He suggests trying him together with the other co-defendants will be prejudicial and cause "jury confusion." The Court has already addressed the jury issue above. While Crabtree argues that he has a limited role, the Government alleges that he has more involvement in the conspiracy than what he proffered in his motion. While his alleged role in the conspiracy may not be as involved as some of the others, he is, nonetheless, part of the alleged conspiracy and should be tried with the other co-defendants. Doing otherwise would be uneconomical and a strain on the limited judicial resources in the District of Idaho.

### V. CONCLUSION

In this instance, joinder was appropriate. Crabtree did not sufficiently bear his heavy burden of demonstrating prejudicial joinder or persuasively explain why severance is warranted. The Court will, therefore, not sever Crabtree under Rule 14 at this time. That said, the Government and all Defendants should prudently prepare for trial, ensuring that each Defendants' constitutional rights will be upheld.

///

///

///

---

to Continue. Dkt. 101. The jury trial was reset for all Defendants to January 20, 2026. Based on pretrial motions filed by co-defendants Torres and Mekosch, the Court continued the jury trial to March 23, 2026. Dkt. 121. A final motion to continue was file by co-defendant Cheri Ann Dunn (Dkt. 125) and was granted. The Court entered an Order continuing the trial to the current trial date of July 13, 2026. By the Court's calculation, there has only been a roughly nine-month delay of the trial setting in this case—including a request by Crabtree himself. That does not rise to the level of unreasonableness.

MEMORANDUM DECISION AND ORDER - 9

## VI. ORDER

The Court HEREBY ORDERS:

1. Crabtree's Motion to Sever (Dkt. 130) is DENIED.

DATED: June 23, 2026

David C. Nye
U.S. District Court Judge